UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

MORGAN STANLEY DW INC.,

    Plaintiff,

v.

No. 04-3263

STEPHEN L. PATTON,
CHRISTOPHER H. NOONAN,
THOMAS A. NOONAN and
TIMOTHY R. HUSEMAN,

    Defendants.

---

| Hertz, Schram & Saretsky, P.C.<br>Attorneys for Plaintiff<br>By:  Gary M. Saretsky<br>      Miles D. Hart<br>      Eric A. Michaels<br>1760 S. Telegraph Rd., Suite 300<br>Bloomfield Hills, MI 48302-0183<br>(248) 335-5000 | Carlilie Patchen & Murphy<br>Attorneys for Defendants<br>By:  Dennis Concilla<br>366 East Broad Street<br>Columbus, OH 43215<br>(614) 228-6135<br><br>Brown, Hay & Stephens, LLP<br>Attorneys for Defendants<br>By:  Scott C. Hemholz<br>205 S. Fifth St., Suite 700<br>Springfield, IL 62701<br>(217) 544-8491 |

## MOTION FOR A TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

Now comes plaintiff, Morgan Stanley DW Inc. ("Morgan Stanley"), by and through its attorneys, Hertz, Schram & Saretsky, P.C., and respectfully requests that pending arbitration this Court enter a temporary restraining order and/or preliminary injunction against defendants, Stephen L. Patton ("Patton"), Christopher H. Noonan ("C. Noonan"), Thomas A. Noonan ("T. Noonan") and Timothy R. Huseman ("Huseman") (collectively "Defendants") pursuant to Rule 65 of the Federal Rules of Civil Procedure.

1. Morgan Stanley has filed a verified complaint with the Court, which is incorporated herein and made a part hereof by reference.

2. Pursuant to section 10335 of the National Association of Securities Dealers ("NASD") Code of Arbitration Procedure Morgan Stanley has the express and exclusive right to seek temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators.

3. As stated in Morgan Stanley's complaint, Defendants were former key employees of Morgan Stanley's Springfield, Illinois branch office.

4. When they accepted employment at Morgan Stanley, Defendants agreed to terms and conditions of employment and executed Morgan Stanley employment agreements which prohibited them from (1) communicating to third parties the contents of <u>any</u> Morgan Stanley records or customer information, (2) soliciting for one year the customers <u>that were developed</u> or whose names <u>they learned</u> while at Morgan Stanley and (3) soliciting for one year Morgan Stanley employees. Employment Agreements collectively attached as Exhibit "1".

5. Defendants also executed Joint Production Agreements (Exhibit "2") and acknowledgements and the Morgan Stanley Code of Conduct (Exhibit "3") which reinforce the restrictions and confidentiality provisions related to any other customers they were assigned, developed or whose names became known to them while at Morgan Stanley. It is these customers who were developed at the time and expense of Morgan Stanley and other Morgan Stanley brokers, that Defendants must keep confidential and are precluded from soliciting.

6. Defendants and their sales assistants Tara House and Mary Ann Schroeder unexpectedly resigned their positions on December 1, 2004 and immediately began working for Morgan Stanley's competitor, Citigroup Global Markets, Inc. f/k/a Salomon Smith Barney ("Citigroup"). Exhibit "4".

7. Morgan Stanley has learned that Defendants conspired to leave Morgan Stanley for employment with Citigroup to start a competing office in Springfield, Illinois.

8. Defendants were also scheming with Citigroup to remove confidential Morgan Stanley customer and company materials and information in violation not only of their Employment Agreements, Joint Production Agreements and Code of Conduct Acknowledgments, but also in violation of the confidentiality of Morgan Stanley customers and the Illinois Trade Secrets Act.

9. In fact, several Morgan Stanley employees personally witnessed Defendants removing boxes of documents from Morgan Stanley's Springfield branch office on November 19, 2004. Only the wrongdoers know for sure whether they copied or shared this information with others.

10. Further, Defendants solicited several Morgan Stanley sales assistants to leave Morgan Stanley to join Citigroup.

11. Upon information and belief, Defendants have wrongfully solicited Morgan Stanley customers that were assigned to them, were developed and/or whose names they learned while at Morgan Stanley.

12. By virtue of their words and conduct, it is clear that Defendants have wrongfully schemed to converted Morgan Stanley records and are attempting to divert

Morgan Stanley customers to Citigroup by sharing this information with their new employer.

13. For the reasons stated herein, in Morgan Stanley's brief in support of this motion (which is incorporated herein by reference), and in the verified complaint, unless Defendants are enjoined from converting Morgan Stanley's property to their own use, and unless they are enjoined from soliciting Morgan Stanley's clients and employees, Morgan Stanley will be irreparably harmed by:

    a. Disclosure of trade secrets, customer lists, and other confidential information which are solely the property of Morgan Stanley and its clients;

    b. Loss of confidentiality of clients' records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

    c. Loss of personnel, damage to office stability and a threat to the enforcement of reasonable contracts; and

    d. Incalculable financial loss.

14. Morgan Stanley has no adequate remedy at law, a fact Defendants admit. Exhibit "1".

15. Defendants expressly consented to injunctive relief. Exhibit "1".

Wherefore, Morgan Stanley respectfully requests that this Court order that:

(1) Defendants be immediately enjoined and restrained, directly and indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Defendants' new employer, Citigroup, until hearing and thereafter until further order of this Court and/or the arbitrators from doing any of the following:

    (a) soliciting any business from any Morgan Stanley client and/or customer whom Defendants served or whose name became known to Defendants while in the employ of

        Morgan Stanley beyond that permitted by their Agreements;

   (b)   using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Morgan Stanley, including, but not limited to, the names, addresses, and financial information of Morgan Stanley clients beyond that permitted by their Agreements;

   (c)   soliciting any Morgan Stanley employees beyond that permitted by their Agreements;

(2)   Defendants immediately return to Morgan Stanley all originals, copies or other reproductions or derivatives, in any form whatsoever, of any record of Morgan Stanley and that a Morgan Stanley representative review, copy (to preserve), purge and/or destroy any computerized record of Morgan Stanley that is within Defendants' possession, custody or control.

(3)   The Court order remain in full force and effect until such time as this Court or the arbitrators specifically order otherwise.

(4)   Morgan Stanley be granted leave to commence discovery, including depositions, immediately in aid of preliminary injunction proceedings before the Court.

(5)   Pending a preliminary injunction hearing before this Court or the arbitrators, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to section 10335 of the National Association of Securities Dealers Code of Arbitration Procedure.

(6)   Defendants shall show cause before the Court on the _____ day of _____, ____, at _____ o'clock __.m., or as soon thereafter as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set

forth above.

                        Respectfully submitted,

                        Hertz, Schram & Saretsky, P.C.
                        Attorneys for Plaintiff

                        By: _____
                              Gary M. Saretsky
                              Miles D. Hart
                              Eric A. Michaels
                              1760 S. Telegraph Rd., Ste. 300
                              Bloomfield Hills, MI 48302-0183
                              (248) 335-5000

Dated: December 3, 2004

S:\Staff\Martin, Denise\MILES\MORGAN STANLEY\Patton\TRO Motion.doc