E-FILED
Tuesday, 07 December, 2004  09:31:51 AM
Clerk, U.S. District Court, ILCD

## AFFIDAVIT OF CHRISTOPHER H. NOONAN

STATE OF ILLINOIS        :
                         :    ss
COUNTY OF SANGAMON       :

1.  My name is Christopher H. Noonan. I have personal knowledge of each of the matters stated in this affidavit, which is given in opposition to the motion for temporary restraining order filed by my former employer, Morgan Stanley DW Inc. ("Morgan Stanley").

2.  In 1982, I began working with my father, Patrick Noonan, brother Thomas Noonan and cousin Stephen Patton at our family's investment firm, Dixon Bretscher Noonan Inc. ("DBN"). DBN was acquired by Blunt, Ellis and Loewi/Kemper Securities Group in 1990. Beginning in late 1992, the firm began doing business as Kemper Securities, Inc. ("Kemper").

3.  On October 7, 1994, I, along with several other brokers including my father, brother and cousin accepted a position with Morgan Stanley's predecessor Dean Witter Reynolds, Inc. ("Dean Witter") and helped open its newly formed Springfield, Illinois office.

On October 7, 1994, I executed a document entitled "Dean Witter Account Executive Employment Agreement," a copy of which is attached hereto, that provides in pertinent part:

> "Notwithstanding anything to the contrary in this paragraph 2.1 upon termination of employment for any reason, Employee may solicit those customers whose names appear on the list attached to this Agreement as Exhibit "A."

4. At the time I joined Dean Witter I had approximately 350 clients, 250 of which I developed before joining Kemper in 1990. I developed my client base through my civic involvement, social and family relationships and referrals from existing customers.

5. In connection with my recruitment, Morgan Stanley instructed me to mail an announcement to each of the clients we previously served at Kemper. For this purpose, and with Morgan Stanley's knowledge and consent, we used a personal list of our clients' names and addresses that was not derived using Kemper's records.

6. After I joined Morgan Stanley in 1994, Kemper filed suit in Sangamon County Circuit Court to obtain a Temporary Restraining Order preventing me from contacting the clients I had serviced while employed by Kemper. Morgan Stanley provided me with counsel who defended against Kemper's claims and obtained a stipulated Order for a Preliminary Injunction that not only did not bar me from contacting my former clients to announce my new position but specifically required Kemper to provide me with a duplicate copy of any customer's file who decided to transfer his or their account to Morgan Stanley.

7. On December 1, 2004, I resigned my position at Morgan Stanley and joined the newly formed Springfield, Illinois branch office of Citigroup Global Markets, Inc., d.b.a. Smith Barney ("Smith Barney"). When I resigned from Morgan Stanley, my father, brother, cousin and I were generating commissions of approximately $2,000,000 per year. In addition, at least 80% of this group's assets under management are directly attributable to clients we came to know before becoming affiliated with Morgan Stanley. The balance of our clients were obtained through referrals from existing clients. I

2

received little assistance from Morgan Stanley in attracting clients and few, if any, of our new clients had a prior relationship with Morgan Stanley.

8. Upon my resignation from Morgan Stanley, I did not intentionally remove any original documents or copies of documents pertaining to Morgan Stanley account holders.

9. I have not solicited any clients to transfer their accounts from Morgan Stanley to my new employer, or to otherwise discontinue their patronage and business relationship with Morgan Stanley. Consistent with the instructions I received from Morgan Stanley when I left Kemper in 1994, I mailed announcements to the clients I serviced at Morgan Stanley, advising them that I had accepted new employment with Smith Barney. The announcements merely provided the recipient with an address and phone number where I could be contacted. No Smith Barney materials were included with the announcements. Likewise, no Morgan Stanley proprietary or confidential data was used to prepare the mailing.

10. As a professional financial advisor, I am personally familiar with each of my clients' financial affairs and I am frequently called upon to answer questions or provide advice to those clients. Accordingly, it is imperative that my clients be able to contact me if they see the need to do so. As it is my understanding Morgan Stanley resists disclosing a departing employee's new employer to clients, receipt of an announcement is the only way in which my clients will be able to contact me if they need to do so.

11. I did not directly or indirectly solicit or recruit any employee of Morgan Stanley to leave the employ of Morgan Stanley.

FURTHER AFFIANT SAYETH NAUGHT.

_____
CHRISTOPHER H. NOONAN

Sworn to before me and subscribed in my presence on this 6th day of December, 2004.

_____
Notary Public

OFFICIAL SEAL
ALMON A. MANSON, JR.
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-15-2007