**E-FILED**
Tuesday, 07 December, 2004 09:32:15 AM
Clerk, U.S. District Court, ILCD

# AFFIDAVIT OF THOMAS A. NOONAN

STATE OF ILLINOIS :
: ss
COUNTY OF SANGAMON :

1. My name is Thomas A. Noonan. I have personal knowledge of each of the matters stated in this affidavit, which is given in opposition to the motion for temporary restraining order filed by my former employer, Morgan Stanley DW Inc. ("Morgan Stanley").

2. Between 1988-1989, I worked as a retail stockbroker with Kidder Peabody & Co., Inc. In 1990, I began working with my father, Patrick Noonan, brother Christopher Noonan and cousin Stephen Patton at Blunt, Ellis and Loewi/Kemper Securities Group. Beginning in late 1992, the firm began doing business as Kemper Securities, Inc. ("Kemper").

3. On October 7, 1994, I, along with several other brokers including my father, brother and cousin, accepted a position with Morgan Stanley's predecessor Dean Witter Reynolds, Inc. ("Dean Witter") and helped open its newly formed Springfield, Illinois office.

On October 7, 1994, I signed a document entitled "Dean Witter Account Executive Employment Agreement." I cannot presently locate the Agreement, but such Agreement is identical to the document attached to the affidavit of Christopher H. Noonan.

4.  At that time, I joined Dean Witter, I had between 200 and 300 clients which I developed myself through cold calls, and family and social referrals.

5.  In connection with my recruitment, Morgan Stanley instructed me to mail an announcement to each of the clients we previously served at Kemper. For this purpose, and with Morgan Stanley's knowledge and consent, we used a personal list of our clients' names and addresses that was not derived using Kemper's records.

6.  After I joined Morgan Stanley in 1994, Kemper filed suit in Sangamon County Circuit Court to obtain a Temporary Restraining Order preventing me from contacting the clients I had serviced while employed by Kemper. Morgan Stanley provided me with counsel who defended against Kemper's claims and obtained an stipulated Order for a Preliminary Injunction that not only did not bar me from contacting my former clients to announce my new position but specifically required Kemper to provide me with a duplicate copy of any customer's file who decided to transfer his or their account to Morgan Stanley.

7.  On December 1, 2004, I resigned my position at Morgan Stanley and joined the newly formed Springfield, Illinois branch office of Citigroup Global Markets, Inc., d.b.a. Smith Barney ("Smith Barney"). When I resigned from Morgan Stanley, our team was generating commissions of approximately $2,000,000 per year. In addition, at least 80% of our team's assets under management are directly attributable to clients we came to know before becoming affiliated with Morgan Stanley. The balance of our clients were obtained through referrals from existing clients. I received little assistance

from Morgan Stanley in attracting clients and few, if any, of our new clients had a prior relationship with Morgan Stanley.

8. Upon my resignation from Morgan Stanley, I did not remove any documents pertaining to Morgan Stanley's clients.

9. I have not improperly solicited any clients to transfer their accounts from Morgan Stanley to my new employer, or to otherwise discontinue their patronage and business relationship with Morgan Stanley. Consistent with the instructions I received from Morgan Stanley when I left Kemper in 1994, I mailed announcements to the clients I serviced at Morgan Stanley, advising them that I had accepted new employment with Smith Barney. The announcements merely provided the recipient with an address and phone number where I could be contacted. No Smith Barney materials were included with the announcements. Likewise, no Morgan Stanley proprietary or confidential data was used to prepare the mailing.

10. As a professional financial advisor, I am personally familiar with each of my clients' financial affairs and I am frequently called upon to answer questions or provide advice to those clients. Accordingly, it is imperative that my clients be able to contact me if they see the need to do so. As it is Morgan Stanley's practice to resist disclosing a departing employee's new employer to clients, receipt of an announcement is the only way in which my clients will be able to contact me if they need to do so.

11. I did not directly or indirectly solicit or recruit any employee of Morgan Stanley to leave the employ of Morgan Stanley.

FURTHER AFFIANT SAYETH NAUGHT.

_____
THOMAS A. NOONAN

Sworn to before me and subscribed in my presence on this 6th day of December, 2004.

_____
Notary Public

OFFICIAL SEAL
ALMON A. MANSON, JR.
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-15-2007