E-FILED
Tuesday, 07 December, 2004  09:36:10 AM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT FOR THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

FILED OCT 13 1994 CTR.-9

Carl D. Oblinger
Clerk of the Circuit Court

| | |
|---|---|
| KEMPER SECURITIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 94 CH 170 |
| DEAN WITTER REYNOLDS INC., PATRICK A. NOONAN, LARRY A. HARDY, CHRISTOPHER H. NOONAN, THOMAS A. NOONAN, STEPHEN L. PATTON and GARY SEITZ, | ) |
| Defendants. | ) |

### ORDER FOR PRELIMINARY INJUNCTION

This cause coming to be heard on October 12, 1994, on the motion for temporary restraining order and preliminary injunction of Plaintiff Kemper Securities, Inc. ("Kemper"), Defendants Dean Witter Reynolds, Inc. ("Dean Witter"), Patrick A. Noonan ("P. Noonan"), Larry A. Hardy ("Hardy"), Christopher H. Noonan ("C. Noonan"), Thomas A. Noonan ("T. Noonan), Stephen L. Patton ("Patton") and Gary Seitz ("Seitz") having appeared and the Court having considered the parties' submissions and the arguments of counsel,

Now, therefore, it is hereby ORDERED:

A.  Without any admission by either of the parties as to the merits of Kemper's request for a preliminary injunction, and without any determination by the Court on that question, the parties have agreed to the entry of an order as follows:

> (1) All Defendants shall immediately return all confidential and proprietary customer information and data, as defined in Paragraph 2, including all originals, photocopies, derivatives or compilations, regardless of medium or form, including all hard copy, computer disks, tapes, to

a mutually agreeable neutral holding location, to be jointly controlled by Kemper and Dean Witter.

(2) For purposes of this Order, "confidential and proprietary customer information and data" means documents containing information about clients prepared during the individual defendants' employment with Kemper Securities, Blunt Ellis & Loewi, Inc. or Dixon Bretscher Noonan, Inc., including but not limited to new account cards, posting pages, client information index cards, rolodexes or other writings containing customer names and addresses derived from Kemper, Blunt Ellis & Loewi or Dixon Bretscher Noonan customer correspondence files, customer statements of account, customer mutual fund statements, money lines, any information about clients obtained from Kemper's computerized database, and another client records obtained from Kemper's files. "Confidential and proprietary customer information and data" also means any documents containing information about clients prepared or derived from the aforementioned documents.

(3) Subject to the restrictions set forth in paragraph 6, all Defendants are enjoined from copying any of the documents or data referred to in paragraph 2.

(4) Subject to the restrictions set forth in paragraph 6, the Defendant Brokers are enjoined from transferring any such confidential and proprietary information to Dean Witter or any other broker-dealer.

(5) Subject to the restrictions set forth in paragraph 6, all Defendants are enjoined from using any of such confidential and proprietary information in the course of their business, occupation or employment.

(6) Upon defendants' notifying Kemper and providing documentary evidence that any client has requested in writing that:

(a) that their account be transferred from Kemper to Dean Witter;

(b) that they desire to open an account at Dean Witter; or

(c) that they desire to conduct business with Dean Witter,

documents and information pertaining to such client shall no longer be subject to the restrictions of paragraphs (1) through (5) above, and defendants shall be entitled to the return of photocopies of all documents pertaining to such client, as soon as is reasonably feasible but in no event later than the next business day. At Kemper's option, it shall retain any original documents returned by the defendants to the neutral location, subject to the defendants' rights to receive photocopies thereof. All reasonable photocopying expenses are to be borne by defendants.

(7) The parties stipulate and agree that Kemper shall not be required to post any bond.

(8) Apart from future matters relating to compliance with this Order, all further proceedings in this action are stayed pending the conclusion of arbitration with the New York Stock Exchange.

B. Upon having considered the pleadings of the parties and having heard arguments of counsel, the Court further finds that the customer names, addresses and phone numbers are not confidential and proprietary customer information and data, as defined in paragraph A(2) above.

DATED: October 12, 1994 ENTER: _____
                                         Judge

_____
One of the attorneys for
Kemper Securities, Inc.

_____
One of the attorneys for
Dean Witter Reynolds, Inc.
Patrick A. Noonan, Larry A. Hardy,
Christopher H. Noonan, Thomas A.
Noonan, Stephen L. Patton and
Gary Seitz

Daniel P. Roy
Coffield Ungaretti & Harris
3500 Three First National Plaza
Chicago, Illinois 60602
(312)977-4400

Charles J. Risch
Lawrence Kamin Saunders & Uhlenhop
208 South LaSalle Street
Chicago, Illinois 60604
(312)372-1947