UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MERRILL LYNCH PIERCE FENNER & SMITH, INC.,** | Case No. 1:01cv0092 |
| Plaintiff, | **JUDGE MATIA** (JUDGE O'MALLEY) |
| v. | **MEMORANDUM & ORDER** |
| **KENT D. HAGEMAN,** | |
| Defendant. | |

Plaintiff, Merrill Lynch Pierce Fenner & Smith, Inc. ["Merrill Lynch"], brings this action against its former employee, Kent D. Hageman for (1) breach of contract, (2) conversion of Merrill Lynch's proprietary information and trade secrets, (3) breach of fiduciary duty, and (4) unfair competition. Merrill Lynch also seeks a temporary restraining order against Hageman. Hageman left his employment as a broker at Merrill Lynch on Friday, January 5, 2001, and allegedly began working at Morgan Stanley Dean Witter ["Dean Witter"] the very same day. Merrill Lynch asserts that Hageman has been soliciting his former clients at Merrill Lynch through the mail and in person to transfer their accounts to Dean Witter, in direct violation of an employment contract Hageman signed when he began working for Merrill Lynch as a broker, and also in violation of Ohio Trade Secret law.

The Court, per Judge Kathleen M. O'Malley for Judge Paul R. Matia, held a hearing on Merrill Lynch's motion for a temporary restraining order on January 10, 2001. During that

JAN 17 2001

hearing, the Court explained on the record that (1) a substantial likelihood exists that Merrill Lynch will prevail on the merits of this case, (2) Merrill Lynch has no adequate remedy at law, and will suffer irreparable harm if Hageman is permitted to continue to solicit customers, and accept account transfers from customers he has previously solicited, (3) greater injury will be inflicted upon Merrill Lynch by the denial of temporary injunctive relief then would be inflicted upon Hageman or third parties by the granting of such relief, and (4) the public interest will be served by such relief. The Court, thus, granted Merrill Lynch's Motion for a Temporary Restraining Order, but provided that it would issue an Order detailing the terms of the restraining order the following day.

The Court, therefore, issues a Temporary Restraining Order as follows.

(1)    Defendants shall post security in the amount of $100,000 no later than 5:00 p.m. on Friday, January 12, 2001.

(2)    Defendant, Kent D. Hageman, is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, or employee of defendant's current employer, Dean Witter Reynolds, Inc., from:

2

(A) soliciting¹ any business from any client of Merrill Lynch whom Hageman served or whose name became known to Hageman while in the employ of Merrill Lynch;

(B) accepting business or account transfers from any of said customers whom Hageman has solicited in the past for the purpose of doing business with Hageman's present employer Dean Witter (excluding members of Hageman's immediate family and those customers that reside more than one hundred (100) miles from Merrill Lynch's North Olmsted office); and

(C) using, disclosing or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill Lynch, including, without limitation, the names, addresses, and confidential financial information of those clients.

(3) Kent D. Hageman, and anyone acting in concert or participation with Hageman, including any agent, employee, officer, or representative of Hageman's current employer, Dean Witter, shall return all information pertaining to Merrill Lynch

---

¹ The Court finds that a mere "information contact" between Hageman and any former client will not constitute a "solicitation." See Wells v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 919 F.Supp. 1047, 1053 (E.D. Ky 1994). An "information contact" consists *only* of "any written or oral contact that provides information about the Plaintiff's whereabouts and how they may be contacted." Id. To the extent that any contact includes information such as: stating Dean Witter will provide Hageman or his former clients better service, explaining Hageman's reasons for leaving Merrill Lynch, instructing clients how to transfer their accounts, enclosing account transfer forms, or providing anything beyond an "information contact" as defined here designed to persuade a client to follow Hageman to Dean Witter or to ease a transfer, the Court will construe such contact as a solicitation in violation of this Court's Order.

3

customers, clients, or accounts, whether in original, copied, computerized, handwritten, or any other form, to plaintiff immediately.

(4) Nothing in this Order prevents Hageman or Dean Witter from servicing clients whose accounts were fully transferred from Merrill Lynch to Dean Witter prior to 5:00 p.m. on January 10, 2001, though such service may, if appropriate, give rise to a claim for damages before the NASD.

(5) Pursuant to Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect for ten non-holiday business days, or through January 25, 2001, unless replaced by an order of an appropriate panel of the NASD arbitrators or extended by Order of this Court. The parties shall return for a hearing before Chief Judge Paul R. Matia on Wednesday, January 24, 2001 at 2:00 p.m.

(6) Merrill Lynch shall commence discovery immediately to the extent that such discovery is consistent with the NASD code, or as directed by the NASD arbitrator(s).

(7) The parties are directed to commence and proceed with arbitration pursuant to the NASD code as expeditiously as possible, and the Court further requests that the NASD make every effort to conclude its arbitration on or before January 25, 2001, or as soon thereafter as is reasonably possible.

(8) The parties shall file with the Court weekly reports beginning Wednesday, January 17, 2001, updating the Court on the status of any NASD arbitration proceedings.

**IT IS SO ORDERED.**

*Kathleen M. O'Malley*
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

4