NASD REGULATION, INC

H&R BLOCK FINANCIAL ADVISORS, INC

    Claimant

PETER R. CARMACK and
SOLOMAN SMITH BARNEY INC

    Respondents

NASD Case No. 00-05576

## ORDER

On December 21, 2000, pursuant to Rule 10335(d)(1) of the NASAD Code of Arbitration Procedure, a telephonic hearing was conducted in this case by Hon. Donald B. Clark for the purpose of ruling on the application of H&R Block Financial Advisors for immediate injunctive order. On said date, the arbitrator heard and considered the arguments of counsel for claimant and respondents and has thereafter reviewed and considered the factual presentations and the memoranda of points and authorities submitted by the parties and, being fully advised, finds as follows:

## FINDINGS OF FACT

(1) Respondent Carmack entered into the employment of claimant June 14, 1993 and on or about said date signed a "Stockbroker Trainee Agreement" containing, among other provisions, covenants relating to the confidentiality of claimant's business/customer records and imposing restrictions on Carmack's entitlement to engage in business activities in competition with claimant

(2) On December 8, 2000, respondent Carmack terminated his employment with claimant and then, or soon thereafter, entered upon employment with respondent Smith Barney as a stock

broker

(3) After respondent Carmack entered the employment of respondent Smith Barney, he or both respondents conjunctively provided notice by mail and/or by telephone to individual investors whose accounts had been serviced by respondent Carmack during his employment by claimant advising such persons of Carmack's affiliation with Smith Barney and informing them of his address and telephone number. No credible evidence has been presented by claimant showing that either respondent made any solicitation to induce such persons to transfer their accounts from claimant to Smith Barney, the only communications having been limited to the announcement of the location of Carmack's change in office location.

(4) Subsequent to December 8, 2000, various investors previously served by Carmack have transferred their accounts from claimant to respondent Smith Barney.

(5) Claimant has presented no evidence of any customer account records or other tangible materials or documents removed by respondent Carmack from the offices of claimant at the time respondent Carmack terminated his employment with claimant. Respondent Carmack does have possession of certain of claimant's records, not a subject of dispute in this proceeding, which were given to him for storage by claimant's office manager at an earlier date.

(6) Respondent Carmack is a resident of Missouri. The office of claimant where Carmack worked while employed by claimant is in Kansas. Claimant is a Michigan corporation and maintains its principal office in that state. No evidence was offered indicating where the agreement concerning Carmack's employment was concluded and the agreement itself is silent as to any understanding

as to what state law is to govern interpretation of the contract

## CONCLUSIONS OF LAW

(A) To prevail on its application for an immediate injunction, claimant must make a clear and convincing showing that, upon a full hearing, it is more likely than not to succeed on the merits of its claim, that it will suffer irreparable injury unless the injunction be granted and that the balance of equities lies in its favor. These conditions are in the conjunctive and unless claimant carries its burden on all three points, relief must be denied.

(B) In the majority of jurisdictions, the rule concerning restrictive employment agreements holds that a departing employee does not violate that agreement or breach any fiduciary duty by sending an informational announcement to customers advising of a change in employment and a notice of where he may be reached. Absent more, such an announcement is not a solicitation within the proscription of the employment agreement. In this case, it is assumed, lacking other evidence to the contrary, that the law of Kansas where respondent Carmack worked, governs the rights of claimant to enforcement of Carmack's contract. Kansas law on the subject of informational notice to customers of change in employment location is in accord with the majority view stated above.

(C) Claimant's request for injunctive relief regarding solicitation of brokerage business from respondent Carmack's customers must be denied because there has been no showing that respondents have breached those terms of the employment agreement. Despite language in the agreement to the contrary, the informational notices respondents did issue are permitted by law in the public interest.

(D) The failure by claimant to demonstrate that account transfers by customers from claimant to respondents were the product of solicitations by respondent Carmack in violation of his employment contract and beyond the informational notices permitted precludes the issuance of an injunctive order with respect to Carmack's acceptance of brokerage business from former clients of claimant The contract for Carmack's employment does not bind public customers as to their choice of broker-dealers or account representatives. That claim for injunctive relief must also be denied.

(E) Finally, claimant has conceded that injunctive relief is not sought as to those customers, some twelve or more in number, whose accounts have already been transferred to Smith Barney nor does it claim any recovery as to accounts of respondent Carmack's family members which, based on dollar value, constituted a significant portion of Carmack's customer base.. Whether additional accounts will be moved is a matter of speculation but the result will soon be apparent The standard of irreparable injury as a precondition to the issuance of an injunctive order requires that the party demonstrate that it can not be made whole by an award of damages. It is apparent here that claimant will, of necessity, have recourse to a claim in damages for a significant portion of its recovery against respondents should claimant prevail in a hearing on the merits. Under these circumstances, it is appropriate to conclude that claimant has made no sufficient showing of irreparable injury essential to issuance of injunctive relief.

IT IS THEREFORE ORDERED, for the reasons stated that claimant's Application For Immediate Injunctive Order be and the same is hereby denied.

**IT IS FURTHER ORDERED** that this matter shall proceed to an expedited hearing before a full arbitration panel.

*Donald B. Clark*

Donald B. Clark, Arbitrator

Dated December 22, 2000