National Association of Securities Dealers, Inc.

In the Matter of the Arbitration between

Manish Choksi,

      Claimant,

And

Merrill, Lynch, Pierce, Fenner & Smith, Inc.

      Respondent.

NASD No. 97-05701

## Order

A hearing was held by telephone on December 10, 1997. Christopher P. Stief, Eric J. Schreiner participated on behalf of Respondent. Jerry M. Santangelo participated on behalf of Claimant. Claimant participated in the hearing. Lee Hugh Goodman, as arbitrator for the NASD, finds as follows:

1) The arbitrator has jurisdiction to decide the Claimant's Statement of Claim requesting interim injunctive relief pursuant to NASD Code of Arbitration Procedure Section 10335. All relief granted herein will be effective immediately, and shall stay in effect unless modified by an award of arbitrators upon Claimant's request for permanent relief.

2) Claimant may send the announcement card that is attached to his Statement of Claim as Exhibit "B" to all of his clients that he personally serviced while at Respondent. Respondent will immediately provide Claimant with a list of his clients' names and addresses for this purpose. Although in another case the Financial Consultant Employment Agreement and Restrictive Covenants which were Exhibit "A" of Respondent's Opposition to the Statement of Claim might be enforceable, the uncontradicted representation at the hearing was that Claimant was not asked to sign this Agreement until after he had terminated his prior employment based upon an agreement to work for Respondent. It was also represented at the hearing that Respondent had jeopardized Claimant's prior employment by prematurely making contact with Claimant's prior employer, although there was no indication that this was done willfully. Under these circumstances, it would be inequitable to prevent Claimant from making the limited contacts, which he has requested.

3) Claimant may speak with and send ACAT transfer forms to the persons listed in Exhibit "C" to the Statement of Claim.

4) Respondent acknowledged at the hearing that it is in possession of certain personal property of Claimant, including a computer and disk drive(s). Respondent indicated a willingness to return the property to Claimant, but was reluctant to do so until it inspected the computer to determine whether it contained any information that was the property of Respondent. Respondent did not represent that it was aware or had reason to believe that any information on the computer was in fact the property of Respondent. Respondent will immediately return to Claimant his computer and hard disk drive(s) and any other personal belongings. Respondent will not access or inspect any information on the computer or disk drive(s), and will not do anything to damage the information. Claimant will return to Respondent any information which is on the computer or disk drive(s) which is the sole property of Respondent, and will delete any such information from his computer, make no use of it and not allow anyone else to use it.

5) Claimant and Respondent agreed at the hearing that there is no issue regarding Claimant's compensation.

6) Claimant and Respondent agreed at the hearing that there is no issue regarding U-5 clearances.

7) Claimant and Respondent agreed at the hearing that there is no issue regarding processing of account transfer forms.

8) Respondent may service clients who were previously serviced by Claimant while Claimant was employed by Respondent. However, for a period of 90 days beginning with the date this order is issued, if any such former client of Claimant asks Respondent how to contact Claimant, Respondent will give that person whatever phone number and address which Claimant supplies to Respondent for this purpose.

9) Claimant and Respondent agreed at the hearing that there is no issue regarding representations about claimant's ability to serve his clients.

10) Except for the relief stated herein, all further requests for interim relief are denied.

The arbitrator enters this order upon finding that Claimant has made a clear showing that he is likely to succeed on the merits, that he will suffer irreparable injury unless the relief is granted, and that the balancing of the equities lies in his favor.

_Lee Hugh Goodman_, arbitrator

Dated December 10, 1997