NASD Arbitration Number 98-01012
Gary and Steven Nolen vs. Merrill Lynch, Pierce, Fenner & Smith, Inc.

### Order on Claimants' application for Immediate Injunctive Relief

A hearing was held by telephone on March 23, 1998 on Claimants Gary and Steven Nolen's Statement of Claim and Statement of Facts Demonstrating the Necessity for Interim and Permanent Injunctive Relief ("Statement of Claim"). The Chairperson has reviewed and considered the Statement of Claim, all responsive documents and the oral arguments of counsel and hereby rules as follows:

(1). That the arbitrator has jurisdiction to decide the Claimants' request for injunctive relief pursuant to the NASD Code of Arbitration Procedure Rule 10335. All relief granted in this order will be effective immediately, and shall stay in effect unless modified by an award of arbitrators upon Claimants' request for permanent relief;

(2). That Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") shall instruct its employees that they are to give the new business address and phone number of Steven Nolen to any customer who so inquires;

(3). That Steven Nolen may service customers who were personally serviced by him while he worked at Merrill Lynch if the customer contacts Steven Nolen for this purpose;

(4). That other than the above, all requests for relief sought in Steven Nolen's Statement of Claim for injunctive relief are denied;

(5). That Merrill Lynch shall instruct its employees that they are to give the new business address and phone number of Gary Nolen to any customer who so inquires;

(6). That as agreed to by the parties during the March 23, 1998 telephonic hearing of this matter, Gary Nolen shall have no restrictions in contacting, soliciting or obtaining names and addresses from Merrill Lynch regarding customers who were Gary Nolen's customers prior to his joining Merrill Lynch;

(7). That Gary Nolen, who was not asked to sign an employment agreement until two months after his employment at Merrill Lynch began, may service, speak freely with and send ACAT transfer forms and announcements to customers obtained by Gary Nolen during the term of his employment at Merrill Lynch;

(8). That other than the above, all requests for relief sought in Gary Nolen's Statement of Claim for injunctive relief are denied.

Robin David, arbitrator

NASD Arbitration Number 98-01012
Gary and Steven Nolen vs. Merrill Lynch, Pierce, Fenner & Smith, Inc.

Order on Claimants' application for Immediate Injunctive Relief

A hearing was held by telephone on March 23, 1998 on Claimants' Gary and Steven Nolen's Statement of Claim and Statement of Facts Demonstrating the Necessity for Interim and Permanent Injunctive Relief ("Statement of Claim"). The Chairperson has reviewed and considered the Statement of Claim, all responsive documents and the oral arguments of counsel and hereby rules as follows:

(1). That the arbitrator has jurisdiction to decide the Claimants' request for injunctive relief pursuant to the NASD Code of Arbitration Procedure Rule 10335. All relief granted in this order will be effective immediately, and shall stay in effect unless modified by an award of arbitrators upon Claimants' request for permanent relief;

(2). That Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") shall instruct its employees that they are to give the new business address and phone number of Steven Nolen to any customer who so inquires;

(3). That Steven Nolen may service customers who were personally serviced by him while he worked at Merrill Lynch if the customer contacts Steven Nolen for this purpose;

(4). That other than the above, all requests for relief sought in Steven Nolen's Statement of Claim for injunctive relief are denied;

(5). That Merrill Lynch shall instruct its employees that they are to give the new business address and phone number of Gary Nolen to any customer who so inquires;

(6). That as agreed to by the parties during the March 23, 1998 telephonic hearing of this matter, Gary Nolen shall have no restrictions in contacting, soliciting or obtaining names and addresses from Merrill Lynch regarding customers who were Gary Nolen's customers prior to his joining Merrill Lynch;

(7). That Gary Nolen, who was not asked to sign an employment agreement until two months after his employment at Merrill Lynch began, may service, speak freely with and send ACAT transfer forms and announcements to customers obtained by Gary Nolen during the term of his employment at Merrill Lynch;

(8). That other than the above, all requests for relief sought in Gary Nolen's Statement of Claim for injunctive relief are denied.

Robin David, arbitrator