**E-FILED**
Tuesday, 07 December, 2004   09:38:20 AM
Clerk, U.S. District Court, ILCD

**INTERIM INJUNCTIVE ORDER**
**NASD DISPUTE RESOLUTION, INC.**

In the Matter of Arbitration Between

MORGAN STANLEY DEAN WITTER, INC.
T/A "MORGAN STANLEY"
                                    Claimant,

                                                    NASD-DR Case No.
vs.                                                 01-06074

MYRON SHAFFER, MATTHEW SHAFFER,
DAVID CHAPMAN, WES THIEMAN, JOEL
GUTH, JEFF LAGUSCH, CATHERINE CORY,
JAMES WORDEN, CASSIE RIEGEL, MICHAEL
MALONE and SALOMON SMITH BARNEY,

                                    Respondents.

This cause came on for an interim injunctive relief hearing
on Claimants' Application for Interim Injunctive Order
pursuant to Rule 10335 of the NASD Code of Arbitration
Procedure on March 14, 2002 and was conducted
telephonically. All parties to this action were represented
by counsel. The undersigned was accepted by all parties to
serve as the injunctive arbitrator in the within action. The
arbitrator, having considered all of the pleadings and
written submissions of the parties as set forth upon the
record, taken evidence, and heard the arguments of counsel,
hereby orders the following:

1. Claimant, and anyone working with of for Claimant, and
all Respondents, including anyone working with or for
Respondents are temporarily enjoined and restrained,
directly or indirectly, and whether alone or in concert with
others, from making any defamatory, false, derogatory, or
disparaging statements concerning one another, by way of any
verbal, written, or other means.

2. All other interim injunctive relief prayed for is denied
in its entirety.

3.   This Interim Injunctive Order is effective Monday, March 18, 2002 immediately upon service on the parties by NASD Dispute Resolution, Inc.

4.   A full panel of arbitrators is to be selected and constituted forthwith for an expedited full hearing on the merits as provided by Code section 10335(f).   The rulings made herein relative to the application for interim injunctive relief are not dispositive of any of the issues to be arbitrated before the full panel at the hearing on the merits and are without prejudice to any party.

5.   This order shall remain in full force and effect unless modified by the undersigned injunctive arbitrator, until the full panel has arrived at a decision on the merits, or this matter is dismissed by way of settlement between the parties.

6.   The undersigned arbitrator retains jurisdiction over the issue of interim injunctive relief herein and may modify this order in the event of proof of a material change in facts or circumstances.   The parties are granted leave to make application for modification in such event.

Dated March 18, 2002

Jeffrey M. Bain, Esq.
Presiding Injunctive Arbitrator

-2-